IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| TOMMY SHADWICK, et al., | § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 6:25-cv-321-JDK-JDL |
| POWUR PBC dba POWUR PBC, INC., | § § § | |
| Defendants. | § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Tommy and Donna Shadwick, proceeding pro se, filed this lawsuit in state court against Defendant Powur PBC d/b/a Powur PBC, Inc. on August 1, 2025. Docket No. 1, Ex. A-1. The suit was removed to this Court on August 22, 2025. *Id.* This case was referred to United States Magistrate Judge John D. Love. On August 29, 2025, Defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Docket No. 2.

On October 6, 2025, Judge Love issued a Report and Recommendation recommending that Defendant's motion be granted and that this action be dismissed with prejudice. Docket No. 13. Plaintiffs filed objections to the report and recommendation (Docket No. 16) as well as a motion for reconsideration (Docket No. 14). For the reasons stated below, the Court **OVERRULES** Plaintiffs' objections.

**I.**

Where a party timely objects to a Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo.

1

28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings and recommendations to which objection is made."). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

## II.

Plaintiffs do not object to specific portions of Judge Love's Report. Instead, Plaintiffs reassert the same arguments they raised in response to the motion to dismiss. Docket No. 8. The basis of Plaintiffs' objections and motion to reconsider is that they believe the arbitration reached the wrong result. Docket No. 16. Plaintiffs object that the arbitration unfairly allowed Defendant to get away with "messing up" an installation at their home. *Id.* But because this dispute has already resulted in a final arbitration judgment, Plaintiffs' request in filing this action is essentially to vacate or modify the arbitration judgment so that the Court can resolve the matter anew.

A district court may only vacate an arbitration award "(1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or

of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a).  Plaintiffs did not claim in their state court petition (Docket. No. 1-2) or their response (Docket No. 8) that the arbitrator engaged in any of this conduct. Plaintiffs' contention is simply that the arbitrator incorrectly considered the facts and evidence presented.  Docket No. 1-2, at 3; Docket No. 8, at 1–4.  Because Plaintiffs' assertions do not fall within the exceptions provided in the FAA, this Court cannot vacate the arbitrator's award and reconsider Plaintiffs' case.  See 9 U.S.C. § 10(a).

Furthermore, a district court may modify an arbitration award only "(a) [w]here there was an evident material miscalculation of figures or an evident material mistake in the description of any person, thing, or property referred to in the award[;] (b) [w]here the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matter submitted[; or] (c) [w]here the award is imperfect in matter of form not affecting the merits of the controversy." 9 U.S.C. § 11.  Neither Plaintiffs' objections nor their motion to reconsider provides a legal basis to modify the arbitration award. Plaintiffs have not shown any material miscalculation or mistake in the description of the award, they concede the award was made on the matter submitted to the arbitrator, and they have not shown the award is imperfect in either matter or form.

Moreover, as the Report explained, any request to vacate or modify the arbitration award must be made in "the United States court in and for the district

3

wherein the award was made." 9 U.S.C. § 11. No party has submitted any documentation to the Court showing that the arbitration award was entered in the Eastern District of Texas. Thus, the Court has no grounds to grant the requested relief and the objections are without merit.

### III.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiffs' objections are without merit. Accordingly, the Court **OVERRULES** Plaintiffs' objections (Docket No. 16) and **ADOPTS** the Report of the Magistrate Judge (Docket No. 13) as the opinion of the District Court. Defendant's motion to dismiss (Docket No. 2) is **GRANTED** and this matter is dismissed with prejudice. All other pending motions are **DENIED** as moot.

So **ORDERED** and **SIGNED** this **31st** day of **October, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE